# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-356


**STATE OF LOUISIANA, DEPARTMENT OF WILDLIFE AND FISHERIES**

**VERSUS**

**GULFPORT ENERGY CORPORATION**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-18747
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED IN PART , REVERSED IN PART, AND REMANDED.**


Andrew Charles Wilson
Simon, Peragine, Smith & Redfearn, LLP
1100 Poydras St., 30th Floor
New Orleans, LA 70163
(504) 569-2030
COUNSEL FOR PLAINTIFF-APPELLANT:
    State of Louisiana, Department of Wildlife and Fisheries

**Glenn W. Alexander**
**Jones & Alexander, LLC**
**P. O. Box 1550**
**Cameron, LA 70631**
**(337) 775-5714**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **State of Louisiana, Department of Wildlife andFisheries**

**Frederick Coller Whitrock**
**Louisiana Department of Wildlife & Fisheries**
**P. O. Box 98000**
**Baton Rouge, LA 70808**
**(225) 765-2971**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **State of Louisiana, Department of Wildlife andFisheries**

**Megan K. Terrell**
**Assistant Attorney General**
**P. O. Box  94005**
**Baton Rouge, LA 70804**
**(225) 326-6085**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **State of Louisiana, Department of Wildlife andFisheries**

**David Lee Patron**
**Harry Rosenberg**
**Phelps Dunbar, L.L.P.**
**365 Canal St., Suite 2000**
**New Orleans, LA 70130-6534**
**(504) 566-1311**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Gulfport Energy Corporation**

**PICKETT, Judge.**

The Department of Wildlife and Fisheries (DWF), suing on behalf of the State of Louisiana, appeals a judgment of the trial court sustaining an exception of no right of action filed by the defendant, Gulfport Energy Corporation (Gulfport), and dismissing the suit with prejudice.

## STATEMENT OF THE CASE

DWF alleges that Gulfport damaged oyster beds and other oyster breeding grounds in Calcasieu Lake and West Cote Blanche Bay by engaging in dredging, pipeline construction, and drilling activities for over ten years, from 1998 through 2009. DWF claims that pursuant to the terms of the permits issued by the Louisiana Department of Natural Resources, Gulfport had a duty to pay for any damages to oyster habitat, but failed to do so. DWF sent an invoice letter to Gulfport on February 25, 2010, for $3,253,715.05, using internal DWF calculations to reach that amount of damages. Gulfport refused to pay. DWF filed a Petition for Damages in Cameron Parish in October 2010, alleging damages to oyster cultches in Cameron, St. Mary, and Iberia Parishes.

Responding to the suit, Gulfport filed Exceptions of Improper Venue, Improper Cumulation of Actions, and No Right of Action. The trial court heard arguments on the exceptions on April 16, 2011. The trial court issued written reasons for ruling on November 28, 2011, wherein it found that DWF lacked the capacity to file a tort suit to recover for damages. Rather, the court found that the Department of Justice, through the Attorney General, is the proper party to sue on behalf of the state. On December 13, 2011, before the trial court rendered a judgment, two Assistant Attorneys General enrolled as counsel in this case as

representatives of the Department of Justice. They filed a motion for leave of court to supplement and amend the petition in concert with the original attorneys for DWF, as well as a motion for a new trial. The trial court signed a written judgment sustaining the exception of no right of action on December 13, 2011. The motions for leave to amend the petition and for a new trial were later withdrawn by DWF. DWF filed this appeal.

## ASSIGNMENTS OF ERROR

DWF asserts three assignments of error:

1.  The [t]rial [c]ourt erred in failing to recognize LDWF's statutory right to bring suit to protect the State's natural resources under the applicable law enacted by the [l]egislature.

2.  The [t]rial [c]ourt erred in improperly confusing the Attorney General's role in representing the State and its agencies in litigation, as opposed to the necessity for the Attorney General to appear as a proper party-plaintiff.

3.  The [t]rial [c]ourt erred in failing to allow LDWF the opportunity to amend the Petition to address the Court's ruling and, instead, simply dismissed the entire lawsuit in direct violation of Article 934 of the Louisiana Code of Civil Procedure.

## DISCUSSION

The only issue before this court is the trial court's judgment sustaining the peremptory exception of no right of action. The supreme court explained the appellate review of a ruling on this exception in *Eagle Pipe v. Amerada Hess Corp.*, 10-2267, pp. 6-7 (La. 10/25/11), 79 So.3d 246, 255-56 (additional citations omitted):

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal

2

interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*

In its reasons for ruling, the trial court very clearly explains why the Attorney General and the Department of Justice is vested with the constitutional and statutory authority to represent all of the departments and agencies of state government in our courts. Any discussion of the authority of the Attorney General begins with our constitution, which creates the Department of Justice in Article 4, §8:

> There shall be a Department of Justice, headed by the attorney general, who shall be the chief legal officer of the state. The attorney general shall be elected for a term of four years at the state general election. The assistant attorneys general shall be appointed by the attorney general to serve at his pleasure.
>
> As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.
>
> The attorney general shall exercise other powers and perform other duties authorized by this constitution or by law.

The structure and duties of the Department of Justice is further explained by statute at La.R.S. 36:701 *et seq*. Specifically, the legislature created the civil division of the Department of Justice at La.R.S. 36:704(D):

> There shall be within the Department of Justice a civil division. It shall be responsible for providing the full range of civil legal services requested by the officers and agencies of the state. The functions of the civil division shall include the assertion or protection of any right or interest of the state of Louisiana; legal representation of governmental officers, agencies, boards, or commissions; collection of money owed to the state of Louisiana and its agencies, boards, or commissions, construction claims and litigation on public

works, and legal protection of state lands, water bottoms, and natural resources of the state.

In its first assignment of error, DWF argues that while it does not have the express authority to represent the state in this action, various statutes, when read *in pari materia*, act to show it has implied authority to bring this suit on behalf of the state. This includes La.R.S. 56:433(G), as amended by 2008 La. Acts No. 92, which sets certain time and geographic boundaries for the fishing of undersized oysters for use as seed oysters for bedding purposes. DWF points specifically to Section 2 of the Act, which states:

> Nothing contained in this Act shall authorize or cause an increase in the amount of damages due to the Department of Wildlife and Fisheries as a result of oil and gas activities on public seed grounds. Any such damages shall be calculated by the same method and with the same formula that was applicable prior to the passage of this Act.

We note that the trial court correctly notes that Section 2 did not become part of La.R.S. 56:433(G). It did, however, express the will of the legislature that DWF had the authority to set the amount of damages due in cases where oyster seed grounds are damaged by oil and gas activities, and that the act was not intended to change that formula to cause an increase in the damages. We find that the trial court correctly found that the authority of DWF to set the amount of damages is not concomitant with the authority of DWF to file a lawsuit on its own behalf to collect those damages. In fact, the civil division of the Department of Justice has the responsibility represent DWF in any suit to collect those damages in a tort suit. *See* La.R.S. 36:704(D).

DWF also argues that La.R.S. 36:602 grants it the authority to bring this suit. They specifically cite subsection A, which states, "The Department of Wildlife and Fisheries is created and shall be a body corporate with the power to

sue and be sued." We reject that argument. As we have pointed out, the Attorney General has the authority to sue on behalf of DWF, but that does not authorize DWF to file suit on its own behalf in the absence of representation by the Attorney General. Furthermore, while DWF's duties under La.R.S. 36:602(B) and 36:609 arguably include the activities involved in the underlying suit, the Department of Justice is specifically tasked with undertaking "litigation on public works, and legal protection of state lands, water bottoms, and natural resources of the state." La.R.S. 36:704(D). Finally, the computation model used by DWF and whether the legislature approved it is not before us in the review of the exception of no right of action.

DWF further argues that statutory construction requires us to reverse the judgment of the trial court. Its arguments center on whether DWF can recover monies for damages to oyster beds, and we have no reason to find that they cannot. Like the trial court, though, we find that DWF cannot sue on behalf of the state without being represented by the Attorney General. The other arguments and questions raised by DWF in their brief are more properly raised in the merits' phase of any future litigation.

DWF's second assignment of error suggests that the trial court erred in finding that the trial court's ruling requires that the Attorney General must appear as a party in any suit filed on behalf of the state. The trial court judgment includes no such holding. The trial court merely found that the Attorney General must appear on behalf of DWF, as required by our constitution and statutes. In fact, La.R.S. 49:257(A), cited by DWF, supports our conclusion. It states:

> Notwithstanding any other law to the contrary and in addition to any other powers, duties, or authority granted to the attorney general and the Department of Justice by the constitution and laws of

5

the state, the attorney general shall represent the state and all departments and agencies of state government in all litigation arising out of or involving tort or contract.

While the issue was broached during the hearing on the exception below about whether the attorneys hired by DWF were acting pursuant to La.R.S. 49:257(E), there was no showing that the attorneys were acting pursuant to that section of the statute. In short, we find that the trial court did not err in requiring the Attorney General to intervene as a party because the trial court did not rule that the Attorney General had to be involved in the case as a party.

Finally, we find that the trial court erred in failing to allow DWF to amend its petition or otherwise act to cure the deficiencies of its action against Gulfport, as required by La.Code Civ.P. art. 934. In fact, as our review of the record indicates, the Attorney General took steps to enroll as counsel on the same day the trial court issued its judgment. We remand this matter to the trial court to allow DWF to amend its petition and for further proceedings consistent with this opinion.

## CONCLUSION

The judgment of the trial court is affirmed insofar as the exception of no right of action was sustained. The judgment is reversed insofar as DWF's suit was dismissed with prejudice. The case is remanded to allow DWF to amend its petition or correct the grounds of Gulfport's objections to this suit. DWF and Gulfport are ordered to split evenly total costs of this appeal in the total amount of $3,437.32.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**